UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SCOTT JACKSON** | : | **CIVIL ACTION NO. 5:17-cv-1465** |
| **DOC #81893** | | **SECTION P** |
| **VERSUS** | : | **JUDGE S. MAURICE HICKS, JR.** |
| **BOSSIER SHERIFF CORRECTION, ET AL** | : | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint [doc. 1] filed *in forma pauperis* by *pro se* plaintiff Scott Jackson ("Jackson"). Jackson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at Bossier Maximum Security Facility in Plain Dealing, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For reasons stated below, **IT IS RECOMMENDED** that Jackson's complaint be **DISMISSED WITH PREJUDICE.**

## I.
### BACKGROUND

Jackson states that on the morning of October 5, 2017, he slipped and fell on a wet floor while he was cleaning up in the dorm. Doc. 1, p. 2. He claims that he could not get up, necessitating help from two or three inmates. *Id.* at 4. Jackson states that the inmates brought him to his cell so that he could lay down. *Id.* at 2. He contends that he was not taken to the medical department until five hours after the incident, at which time he was seen by Dr. Roberts. *Id.* Jackson complains that Roberts examined him

1

for less than five minutes and only gave him Tylenol for pain. *Id.* Jackson states that he was still in pain five or six days after the incident, so he asked to be sent to an outside medical facility. *Id.* He claims that his request was denied and that he was sent back to see Dr. Roberts. *Id.* Jackson alleges that Roberts did not examine him but rather told him that "it was soreness" and gave him more Tylenol. *Id.* Jackson states that he sent an ARP to Warden Boyer that same night but that Boyer did not respond to the grievance within five days. *Id.* Thus, Jackson sent two requests to Assistant Warden Porter, who also did not reply. *Id.* In support of his claims, Jackson claims that there were not any "wet floor" signs in the area and that the parish issued "beach slippers" that he was wearing get "really slippery" when there is water on the floor. *Id.* at 2, 4.

Jackson claims that he is still in pain and requests x-rays and/or an MRI. *Id.* at 5. He also seeks reimbursement for payment of his medical bills. *Id.*

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Jackson has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Doc. 4. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's

2

allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *West v. Atkins*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Conditions of Confinement

Jackson's claims regarding his alleged slip and fall due to water on the floor implicate his right, under the Eighth Amendment, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. The prohibition against cruel and unusual punishment, however, requires only that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Eighth Amendment violations based on official conduct other than a penalty formally imposed for a crime embody both a subjective and an objective component. *Wilson v. Seiter*, 111 S. Ct. 2321, 2323-24 (1991). The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Id.* at 2324. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quoting *Rhodes v. Chapman*, 101 S. Ct. 2392, 2399 (1981)) (citation omitted).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994). A prison official's culpability is measured by deliberate indifference, which is defined as knowing and disregarding an excessive risk to inmate health or safety. *Id.* at 1977-78. Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). Accordingly, negligence and even gross negligence do not implicate the Constitution and thus do not provide a basis for a § 1983 claim. *Farmer*, 114 S. Ct. at 1978.

Applying the above principles to the present case, Jackson's allegations based on his slip and fall do not rise to the level of an Eighth Amendment violation. In *Atkins v. Sheriff's Jail Avoyelles Parish*, 278 Fed. App'x 438 (5th Cir. 2008), the Fifth Circuit rejected an inmate's claims of deliberate indifference based on injuries he sustained in a fall after officials failed to repair leaks in pipes that caused puddles of water. The Fifth Circuit held that the actions attributed to jail officials amounted to nothing more than "unreasonableness or negligence, neither of which establishes an Eighth Amendment violation." *Id.* at 439. In this regard, Jackson does not allege that the defendants had any subjective intent to cause him harm nor does he allege that anyone was deliberately indifferent toward him. At most, his claims would amount to negligence. *See e.g.*, *Noble v. Grimes*, 350 Fed. App'x 892, 893 (5th Cir. 2009) (unpublished per curiam) (prisoner's complaint for injuries to head sustained as result of slip and fall in standing water in prison shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference to substantial risk of serious harm, even though defendants were aware of standing water and failed to take preventive action). Negligence is not actionable under § 1983. Accordingly, this claim should be dismissed.

4

### *D. Medical Care Claims*

Jackson claims that his medical care following the fall was delayed and inadequate. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to show a constitutional violation relating to their medical care, convicted prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976). "Deliberate indifference in the context of . . . the failure to provide reasonable medical . . . care means that: (1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur." *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458–59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations and citation omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (citation omitted).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the court stated that the test "in balancing the needs of the prisoner against the burden on the penal system . . . is one of medical necessity and not one simply of desirability." The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992).

5

Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

Jackson has failed to present non-conclusory allegations of a subjective intent to cause harm. The facts of this matter do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or wantonly disregarded his medical needs. Jackson's dissatisfaction with his treatment does not render this a constitutional claim. Jackson fails to state a claim under § 1983 and his medical treatment claims should be dismissed.

### E. Grievance Procedure

Jackson asserts that defendants Boyer and Porter failed to respond to the grievances that he filed. Prisoners do not have a constitutionally protected right to a grievance procedure. *Chambers v. Roy*, No. 5:10-cv-16, 2010 WL 5621283, at *2 (E.D. Tex. Nov. 10, 2010). In *Sandin v. Conner*, 115 S. Ct. 2293 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See also Taylor v. Cockrell*, 92 Fed. App'x 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("Prisoner . . . . does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction . . . . [A]ny alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.") (footnote and citation omitted). Therefore, Jackson shows no right to relief under this claim and it should be dismissed.

### F. Improper Defendants

To the extent that Jackson attempts to sue Bossier Sheriff's Office Corrections Division and/or Bossier Maximum Security Facility, neither are legal entities capable of being sued. Federal Rule of Civil Procedure 17(b) provides the "capacity to sue or be sued shall be determined by the law of the

state in which the district court is held." Thus, Louisiana law governs whether these facilities have the capacity to sue or be sued and under Louisiana law. To possess that capacity one must qualify as a "juridical person." Louisiana Civil Code Article 24 provides that a juridical person is ". . . an entity to which the law attributes personality, such as a corporation or partnership." In Louisiana, neither correctional centers nor sheriff's departments are legal entities capable of suing or being sued as the State of Louisiana has not granted them juridical status. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. Ct. App. 1977). Jackson's claims against these non-juridical entities fail to state a claim upon which relief can be granted.

## III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Jackson's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District**

**Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 9th day of January, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE